No. 26,610.

THE BOONVILLE NATIONAL BANK, *Appellant,* v. ANDREW NELSON, *Appellee.*

SYLLABUS BY THE COURT.

BILLS AND NOTES—*Procurement by Fraud—Holder in Due Course—Sufficiency of Showing of Good Faith.* The proceedings considered in an action on a promissory note procured by fraud, and *held,* the holder did not sustain the burden of showing it was a purchaser of the note in good faith.

Appeal from Logan district court; JACOB C. RUPPENTHAL, judge. Opinion filed July 10, 1926. Affirmed.

*J. H. Jenson,* of Oakley, and *J. A. Fleming,* of Topeka, for the appellant.

*E. H. Benson,* of Colby, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover from the maker on a promissory note for $100. The defense was the note was procured by fraud, and plaintiff was not a holder in due course. Defendant prevailed, and plaintiff appeals.

The note was dated Winona, Kan., October 24, 1921, became due nine months after date, and bore interest at the rate of seven per cent per annum. It was a "myself" note, indorsed by the maker, who was a farmer and stock raiser in Logan county, Kansas. It was given to H. L. Hawkins in payment of the purchase price of stock in the A. J. Stevens Rubber Company, and was negotiated to plaintiff on December 17, 1921, by E. E. Amick. These names and this class of paper are familiar to the court (*Pioneer Trust Co. v. Combs,* 117 Kan. 89, 230 Pac. 302), and fraud in procuring the note was fully proved.

The Boonville National Bank has a capital stock of $200,000. Amick was formerly its president. At the time of the trial, Amick was vice president of the First National Bank of Kansas City, Mo. In 1919, Amick was succeeded as president of the Boonville Bank by B. M. Lester, who had been connected with the institution since its organization, and had held the offices of cashier and vice president. Lester conducted the transaction with Amick whereby the bank acquired the note sued on. The transaction included delivery of twenty-four notes of $100 each. Included in the list were four notes,

Bills and Notes, 8 C. J. pp. 1046 n. 9, 1052 n. 50, 1061 n. 61.

each bearing interest at seven per cent, given by residents of Logan county other than the defendant. Amick was given a certificate of deposit for $2,400, and the transaction was regularly entered on the books of the bank. The certificate matured in nine or twelve months, was not paid when due, and was renewed on January 23, 1923. It had not been paid on November 28, 1923, when Lester's deposition was taken. Amick was paid interest on the certificate in the sum of $104, for what time and at what rate is not disclosed. Lester knew none of the makers of the Logan county notes. It was the bank's practice to purchase notes of nonresident strangers at face value when recommended by a reliable person, without the indorsement of such person. It had purchased paper of Amick, and purchased the paper involved in the transaction which has been described on his recommendation and at his request. Lester did not inquire respecting financial responsibility of the Logan county makers, or the source of Amick's title; nothing was said concerning those subjects, and Amick did not indorse the notes. Lester knew nothing concerning the defect in Amick's title.

The foregoing facts were presented to the jury in Lester's deposition, are all the material facts bearing upon the question of the bank's good faith in taking the paper, and this court is as competent to determine the question as the jury. Plaintiff contends the case is governed by the decision in *Pioneer Trust Co. v. Combs*, 117 Kan. 89, 230 Pac. 302. In the Combs case Amick said something to the trust company about Combs being a large landowner and perfectly good. Amick indorsed the Combs note, thereby making himself secondarily liable. The trust company took the note on Amick's indorsement, and the trust company gave Amick a credit of $1,600 on his note, and paid him $400 in cash. The law is fully stated in the opinion in the Combs case. Without debating the evidence in this case, the court holds the question whether plaintiff purchased the notes, and if so, purchased them in good faith, was properly submitted to the jury, and the jury were authorized to infer from the evidence that plaintiff was not a purchaser of the notes, and acquired possession of them in bad faith.

The judgment of the district court is affirmed.

JOHNSTON, C. J., and BURCH, J., dissenting.